**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DEBBIE FISHER                          :
                                       :
                                       :
         vs.                           :         NO. : 02-CV-3460
                                       :
                                       :
PEDRO ORTIZ, SHAN-LOR                   :
TRUCKING EQUIPMENT, and                :
PAUL LENARDSON                          :

_____

**DEFENDANTS', PEDRO ORTIZ AND SHAN-LOR**
**TRUCKING EQUIPMENT, MOTION FOR FAILURE TO**
**STATE A CLAIM  UPON WHICH RELIEF CAN BE GRANTED**

Defendants, Pedro Ortiz and Shan-Lor Trucking Equipment, by and through their

attorneys, Post & Schell, P.C., hereby  move to dismiss Counts III and IV of plaintiff's amended

civil action complaint pursuant to Rule of Civil Procedure 12(b)(6), and in support thereof aver

as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1.      Plaintiff initiated this action by filing a Writ of Summons with the Philadelphia

County Court of Common Pleas.

2.      Plaintiff filed a Complaint on May 13, 2002.

3.      Defendants timely removed this action on May 30, 2002, based on diversity of

citizenship.

4.      Plaintiff filed an Amended Complaint on or about May 31, 2002.  A copy of the

Amended Complaint is attached hereto as Exhibit "A."

5.      The action is one for personal injuries allegedly sustained by plaintiff in a motor

vehicle accident which occurred on February 4, 2000.

6.    Counts III and IV of the Amended Complaint allege plaintiff is entitled to punitive damages from defendants.  See Exhibit "A."

## II.    LEGAL ARGUMENT

### Motion for Failure to State a Claim Upon Which Relief Can be Granted

6.    Paragraphs 1 through 6 are incorporated as though same for set forth herein at length.

7.    Counts III and IV of plaintiff's Amended Complaint fail to state a claim upon which relief can be granted, and should be dismissed pursuant to Federal Rule of Procedure 12 (b)(6).

8.    When reviewing a Motion to Dismiss under Rule 12(b)(6), the court accepts as true the material allegations of the plaintiff's Complaint can be taken as admitted, and the motion must be granted where, as here, it appears that no relief could be granted under any set of facts that could be proven at trial. Unger v. National Residence Matching Program, 928 F.2d 1392 (3d Cir. 1991); 2001 U.S. Dist. LEXIS 15815, *12-13 (2001).

9.    To support a determination of punitive damages, a Complaint must have facts within it which demonstrate that the conduct upon which the award can be based is outrageous. See Smith v. Brown, 283 Pa. Super. 116, 423 A.2d 743 (1980).

10.    Outrageous conduct is an "act done with bad motive or with reckless indifference to the interest of others." Smith, 423 A.2d at 745; quoting Focht v. Rabdnda, 217 Pa. Super. 35, 38, 268 A.2d 157 (1970).

11.    Moreover, it is well-settled that punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake, or errors of judgment. Martin v. Johns-Manville Corp., 507 Pa. 154, 494 A.2d 1088 (1985).  In fact, even

gross negligence is insufficient to impose punitive damages.  <u>Feingold v. SEPTA</u>, 512 Pa. 567, 517 A.2d 1270 (1986).

12.    In the present case, plaintiff alleges in paragraphs twenty-six (26) and twenty-eight (28) that defendants acted with "reckless disregard."  <u>See</u> Exhibit "A."  However, acting with reckless disregard does not rise to the level of outrageous conduct.

13.    Furthermore, in paragraphs eight (8) and seventeen (17) of the Amended Complaint, plaintiff alleges the accident occurred as a result of the negligence of defendants, not the outrageous conduct of defendants.  <u>See</u> Exhibit "A."

14.    Finally, the actions of defendants described in paragraphs 8 (a)-(k) and 17 (a)-(k) do not constitute outrageous conduct.  Instead, paragraphs 8 and 17 merely contain allegations that if true, would only amount to ordinary negligence.  <u>See</u> Exhibit "A."

15.    As a result, plaintiff has failed to state a claim for punitive damages, and Counts III and IV of plaintiff's Amended Complaint should be dismissed with prejudice.

**WHEREFORE**, Defendants respectfully request this Honorable Court grant their Motion to Dismiss and enter the accompanying Order.

Respectfully submitted,

**POST & SCHELL, P.C.**

_____
JOSEPH R. FOWLER, ESQUIRE
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBBIE FISHER                              :
                                          :
                                          :
            vs.                           :       NO. : 02-CV-3460
                                          :
                                          :
PEDRO ORTIZ, SHAN-LOR                     :
TRUCKING EQUIPMENT, and                   :
PAUL LENARDSON                            :
                                          :

_____

## **ORDER**

    AND NOW, this         day of          , 2002, upon

consideration of Defendants' Motion to Dismiss under Rule 12(b)(6), it is hereby **ORDERED**

that said Motion is **GRANTED**, and Counts III and IV of Plaintiff's Amended Complaint are

dismissed with prejudice for failure to state a claim as to punitive damages.

_____

                                                   J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DEBBIE FISHER                              :
                                           :
                                           :
            vs.                            :     NO. : 02-CV-3460
                                           :
                                           :
PEDRO ORTIZ, SHAN-LOR                      :
TRUCKING EQUIPMENT, and                    :
PAUL LENARDSON                             :

———————————————————————————

**DEFENDANTS', PEDRO ORTIZ AND SHAN-LOR TRUCKING**
**EQUIPMENT, MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR FAILURE TO STATE A CLAIM  UPON WHICH RELIEF CAN BE GRANTED**

Defendants, Pedro Ortiz and Shan-Lor Trucking Equipment, by and through their

attorneys, Post & Schell, P.C., hereby  move to dismiss Counts III and IV of plaintiff's amended

civil action complaint pursuant to Rule of Civil Procedure 12(b)(6), and file the following

Memorandum of Law in support thereof:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing a Writ of Summons with the Philadelphia County

Court of Common Pleas.  Plaintiff filed a Complaint on May 13, 2002.  Defendants, Shan-Lor

Trucking and Pedro Ortiz, timely removed this action on May 30, 2002, based on diversity of

citizenship.  On May 31, 2002, plaintiff filed an Amended Complaint.  A copy of the Amended

Complaint is attached hereto as Exhibit "A."  The action is one for personal injuries allegedly

sustained by plaintiff in a motor vehicle accident which occurred on February 4, 2000.  Counts

III and IV of the Amended Complaint allege plaintiff is entitled to punitive damages from

defendants.  See Exhibit "A."

## II.    LEGAL ARGUMENT

### Motion for Failure to State a Claim Upon Which Relief Can be Granted

Counts III and IV of plaintiff's Amended Complaint fail to state a claim upon which relief can be granted, and should be dismissed pursuant to Federal Rule of Procedure 12 (b)(6). When reviewing a Motion to Dismiss under Rule 12(b)(6), the court accepts as true the material allegations of the plaintiff's Complaint can be taken as admitted, and the motion must be granted where, as here, it appears that no relief could be granted under any set of facts that could be proven at trial. Unger v. National Residence Matching Program, 928 F.2d 1392 (3d Cir. 1991); 2001 U.S. Dist. LEXIS 15815, *12-13 (2001).

To support a determination of punitive damages, a Complaint must have facts within it which demonstrate that the conduct upon which the award can be based is outrageous. See Smith v. Brown, 283 Pa. Super. 116, 423 A.2d 743 (1980). Outrageous conduct is an "act done with bad motive or with reckless indifference to the interest of others." Smith, 423 A.2d at 745; quoting Focht v. Rabdnda, 217 Pa. Super. 35, 38, 268 A.2d 157 (1970). Moreover, it is well-settled that punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake, or errors of judgment. Martin v. Johns-Manville Corp., 507 Pa. 154, 494 A.2d 1088 (1985). In fact, even gross negligence is insufficient to impose punitive damages. Feingold v. SEPTA, 512 Pa. 567, 517 A.2d 1270 (1986).

In the present case, plaintiff alleges in paragraphs twenty-six (26) and twenty-eight (28) that defendants acted with "reckless disregard." See Exhibit "A." However, acting with reckless disregard does not rise to the level of outrageous conduct. Furthermore, in paragraphs eight (8) and seventeen (17) of the Amended Complaint, plaintiff alleges the accident occurred as a result of the negligence of defendants, not the outrageous conduct of defendants. See Exhibit "A."

Finally, the actions of defendants described in paragraphs 8 (a)-(k) and 17 (a)-(k) do not constitute outrageous conduct. Instead, paragraphs 8 and 17 merely contain allegations that if true, would only amount to ordinary negligence. <u>See</u> Exhibit "A." As a result, plaintiff has failed to state a claim for punitive damages, and Counts III and IV of plaintiff's Amended Complaint should be dismissed with prejudice.

## III.    CONCLUSION

Based on the foregoing, defendants, Shan-Lor Trucking and Pedro Ortiz, respectfully request that this Honorable Court grant their Motion for Failure to State and Claim Upon Which Relief can be Granted, and enter the accompanying Order.

Respectfully submitted,

**POST & SCHELL, P.C.**

_____
JOSEPH R. FOWLER, ESQUIRE
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within Motion for Failure to State a

Claim Upon Which Relief can be Granted has been served on all interested parties listed below

via first class mail, postage pre-paid on June 10, 2002.


Peter N. Munsing, Esquire
939 Penn Avenue
Wyomissing PA 19610


David C. Ray, Esquire
Plakins, Rieffel & Ray
The John Barclay House – 1814
140 East State Street
P.O. Box 1287
Doylestown, PA 18901


**POST & SCHELL, P.C.**



BY: _____
JOSEPH R. FOWLER, ESQUIRE
Attorney for Defendants