UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE FISHER<br><br>    Plaintiff,<br><br>  v.<br><br>PEDRO ORTIZ,<br>SHAN-LOR TRUCKING EQUIPMENT<br><br>    Defendants/Third Party<br>    Plaintiffs,<br><br>  v.<br><br>PAUL LENARDSON<br><br>    Third Party Defendant. | CIVIL ACTION NO. 02-CV-3460 |

**DEFENDANTS/THIRD PARTY PLAINTIFFS, PEDRO ORTIZ'S AND SHAN-LOR TRUCKING'S RESPONSE TO THIRD PARTY DEFENDANT, PAUL LENARDSON'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**

Answering defendants/third party plaintiffs, Pedro Ortiz and Shan-Lor Trucking by and through their counsel, in response to third party defendant's Motion for Judgment on the Pleadings, say:

1. Admitted.

2. Admitted in part, denied in part.  Admitted that a motor vehicle accident occurred which invovled vehicles operated by Pedro Ortiz, Debbie Fisher, and Timothy Connors.  It is further asserted that third party defendant, Paul Lenardson, through his negligent conduct in the operation of his tractor trailer, is liable to the plaintiff, jointly and severally liable with defendants/third party plaintiffs, or liable over to defendants/third party plaintiffs for indemnification and contribution on the cause of action declared upon by the plaintiff,

and any and all liability on the part of the defendants/third party plaintiffs being expressly denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

**WHEREFORE**, answering defendants/third party plaintiffs, Pedro Ortiz and Shan-Lor Trucking, by their counsel concur with the arguments asserted by third party defendant and respectfully request that this Honorable Court grant third party defendant's Motion for Judgment on the Pleadings and dismiss the above captioned matter pursuant to Federal Rule of Civil Procedure 12(c). In the alternative, defendants/third party plaintiffs request that this Honorable Court transfer the present matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.S. § 1404(a).

Dated:                                              **POST & SCHELL, P.C.**


                                                    By: _____
                                                        Joseph R. Fowler
                                                        Attorney For Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE FISHER<br><br>   Plaintiff,<br><br>v.<br><br>PEDRO ORTIZ,<br>SHAN-LOR TRUCKING EQUIPMENT<br><br>   Defendants/Third Party<br>   Plaintiffs.<br><br>v.<br><br>PAUL LENARDSON<br><br>   Third Party Defendant. | CIVIL ACTION NO. 02-CV-3460 |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of third party defendant's Motion for Judgment on the Pleadings under Rule 12(c), defendants/third party plaintiffs' response thereto, and any further responses, it is hereby ORDERED that said Motion is GRANTED, and Plaintiff's Amended Complaint is Dismissed.

_____

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE FISHER<br><br>        Plaintiff,<br><br>  v.<br><br>PEDRO ORTIZ,<br>SHAN-LOR TRUCKING EQUIPMENT<br><br>        Defendants/Third Party<br>        Plaintiffs.<br><br>  v.<br><br>PAUL LENARDSON<br><br>        Third Party Defendant. | CIVIL ACTION NO. 02-CV-3460 |

**ALTERNATIVE ORDER TO TRANSFER TO MIDDLE DISTRICT OF
PENNSYLVANIA PURSUANT TO TO 28 U.S.C.S. § 1404(A)**

AND NOW, this _____ day of _____, 2002, upon consideration of defendants/third party plaintiffs' Motion to transfer pursuant to 28 U.S.C.S. § 1404(a), and any responses thereto, it is hereby ORDERED that said Motion is GRANTED, and the matter of <u>Fisher v. Ortiz, et. al.</u>, 02-CV-3460, is transferred to the United States District Court for the Middle District of Pennsylvania.

                                                                                        _____

                                                                                                 J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE FISHER<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEDRO ORTIZ,<br>SHAN-LOR TRUCKING EQUIPMENT<br><br>　　　　　Defendants/Third Party<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PAUL LENARDSON<br><br>　　　　　Third Party Defendant. | CIVIL ACTION NO. 02-CV-3460 |

**DEFENDANTS/THIRD PARTY PLAINTIFFS, PEDRO ORTIZ'S AND SHAN-LOR TRUCKING'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO THIRD PARTY DEFENDANT, PAUL LENARDSON'S MOTION FOR JUDGMENT ON <u>THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)</u>**

Defendants/third party plaintiffs, Pedro Ortiz and Shan-Lor Trucking Equipment, by and through their attorneys, Post & Schell, P.C., hereby agree with the Motion, submitted by third party defendant, Paul Lenardson, for Judgment on the Pleadings in favor of defendants/third party plaintiffs and third party defendants, and dismissing plaintiff's civil action pursuant to Fed. R. Civ. P. 12(c). Defendants/third party plaintiffs file the following Memorandum of Law in support thereof:

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing a Writ of Summons with the Philadelphia County Court of Common Pleas.  Plaintiff filed a Complaint on May 13, 2002.  The action is one for personal injuries allegedly sustained by plaintiff in a motor vehicle accident that occurred on February 4, 2000.  Defendants/third party plaintiffs, Shan-Lor Trucking and Pedro Ortiz, timely removed this action on May 30, 2002, based on diversity of citizenship.

On May 31, 2002, plaintiff filed an Amended Complaint.  A copy of the Amended Complaint is attached hereto as Exhibit "A."  Defendants/third party plaintiffs filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) on June 17, 2002, attacking Counts within plaintiffs Amended Complaint relating to punitive damages.  Judge William H. Yohn Jr. of this Court granted said motion on July 9, 2002.  The instant action was subsequently reassigned to Judge Baylson on August 8, 2002.  Defendants/third party plaintiffs filed their Answer with Affirmative Defenses to plaintiff's Amended Complaint and a Complaint directed to third party defendant, Paul Lenardson, on August 27.

While the current litigation was ongoing, plaintiff filed a Complaint on April 15, 2002, in York County, Pennsylvania, regarding the same incident.  A copy of the York County Complaint is attached hereto as Exhibit "B."  Defendants/third party plaintiffs removed that case to the United States District Court for the Middle District of Pennsylvania under the caption <u>Debbie Fisher v. Pedro Ortiz and Shan-Lor Trucking and Paul Lenaroson,</u> 02-CV-0737.  Third party defendant in the Eastern District Case, Paul Lenardson, was named as an original defendant in Middle District case.  The Honorable Sylvia Rambo subsequently consolidated the Middle District <u>Fisher</u> case with <u>Timothy Connors v. Pedro Ortiz and Shan-Lor Trucking</u>, 01-CV-1686, an existing case in the Middle District instituted by another driver involved in the same accident and against defendants/third party plaintiffs.  A copy of Judge Rambo's Consolidation Order is

2

attached hereto as Exhibit "C." Judge Rambo then transferred that case to the Honorable Christopher C. Connor. Currently, all parties concerned are pursuing discovery in the Middle District consolidated case.

Third party defendant, Paul Lenardson now files the instant Motion for Judgment on the Pleadings pursuant to Rule 12(c).

## II.    LEGAL ARGUMENT

**Motion for Judgment on the Pleadings**

This Honorable Court should grant third party defendant's Motion for Judgment on the Pleadings or, in the alternative, transfer the instant civil action to the Middle District of Pennsylvania pursuant to 28 U.S.C.S. § 1404(a).

Regarding Rule 12(c) Motions, the Third Circuit has stated the following:

> Initially, we note that "the Rule 12(c) motion is little more than a relic of the common law and code era," 5A *Federal Practice* at 537, and it "only has utility when all the material allegations of fact are admitted in the pleadings and only questions of law remain." Id. at 510. Granting a Rule 12(c) motion results in a determination on the merits at an early stage in the litigation, and thus this court requires "the movant [to] clearly establish[] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988). (quotation omitted).

Institute For Scientific Information, Inc. v. Gordon and Breach, Science Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir. 1991).

Specifically, Rule 12(c) permits a Motion for Judgment on the Pleadings, "[a]fter the pleadings are closed but within such time as not to delay the trial . . .." Fed. R. Civ. P. 12(c)(2002). The Rule continues to note that any Motion for Judgment on the Pleadings that

3

presents matters outside of the pleadings will be treated as a Motion for Summary Judgment under Rule 56. Id. Rule 56(c) provides that federal courts may enter summary judgment if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Furthermore, summary judgment is appropriate under Rule 56(c) if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.

In the instant case, third party defendant's Motion presents matters outside the pleadings. Accordingly the Motion should be treated as one for Summary Judgment pursuant to Rule 56. Nevertheless, whether this Court limits its review to the pleadings, as under a 12(c) Motion, or decides third party defendant's Motion with a broader investigation of matters outside the pleadings, as is proper in a Rule 56 Summary Judgment Motion, the outcome should be the same. Judgment should be granted for defendants and plaintiff's suit before this Honorable court should be dismissed.

Employing the Rule 12(c) standard, third party defendant must "clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Institute For Scientific Information, Inc., 931 F.2d at 1005 (quoting Jablonski, 863 F.2d at 290-91). In his Motion, third party defendant establishes that the present litigation is duplicative; that simultaneous litigation is ongoing in the Middle District of Pennsylvania involving the identical motor vehicle accident. That litigation involves all parties named in the Eastern District case in addition to another essential plaintiff, Timothy Connors, who also claims injuries from the same accident. Finally, third party defendant correctly asserts that the accident itself

4

occurred in the Middle District and that relevant evidence and witnesses are located there. Clearly, the ongoing litigation in the Middle District will resolve all issues concerned, leaving no issue of material fact for this Honorable Court.

Summary Judgment is also appropriate in the present matter. An investigation of the pleadings from the instant litigation and the pleadings from the Middle district reveals that the Middle District is the more suitable venue. Again, the Middle District litigation includes a complete listing of the parties involved, including plaintiff Timothy Connors, who is not a party to the Eastern District action. The Middle District also encompasses the scene of the accident at issue in the present suit. Finally, much of the evidence and many witnesses are located within the Middle District. As a result of the continuing litigation in the Middle District, there is no genuine issue as to any material fact left to be resolved by this Honorable Court. Defendant/third party plaintiff and third party defendant are therefore entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c). Accordingly, whether this Court employs the Rule 12(c) Motion for Judgment on the Pleadings standard or the Rule 56 Summary Judgment standard, this Honorable Court should grant third party defendant's Motion and dismiss plaintiff's suit.

Failing a dismissal pursuant to Rules 12(c) or 56, defendants/third party plaintiffs respectfully request this Court to transfer the instant action to the Middle District of Pennsylvania pursuant to 28 U.S.C.S. § 1404(a). 28 U.S.C.S. § 1404 states in the pertinent part:

> § 1404. Change of venue
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
> \* \* \*

The Third Circuit explained the function of § 1404(a) as follows:

5

> By its terms, § 1404(a) requires that a court make a case specific determination that such a transfer is proper. See <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988). "The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong--however brought in a court-- presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." <u>Continental Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960) (emphasis added). In <u>Stewart Organization</u>, the Court concluded that a forum selection clause in a contract was relevant, but not binding, in a § 1404(a) determination. "The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.' " <u>Id</u>. at 29. The Court stated that "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." <u>Id</u>.

<u>White v. ABCO Engineering Corp.</u>, 199 F.3d 140, 143-44 (3d. Cir. 1999). Presently, it is apparent that the Middle District is the more appropriate and convenient venue for this case. As stated previously, the interest of the witnesses and location of evidence, in addition to notions of judicial economy necessitate that the instant litigation take place in the Middle District of Pennsylvania. Accordingly, convenience of the witnesses and public interest factors of systematic integrity and fairness weigh in favor of transferring this matter to the Middle District where an identical cause of action has already been consolidated with a related case. See <u>Id.</u> (holding convenience of witness and public factors to be weighed in § 1404(a) transfer).

**III.   CONCLUSION**

6

Defendants/third party plaintiffs submit that third party defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) should be granted and plaintiff's suit dismissed. In the alternative, defendants/third party plaintiffs request that the present case be transferred to the Middle District pursuant to 28 U.S.C.S. § 1404(a). The dismissal or transfer of this case would conserve judicial resources and promote judicial economy

Based on the foregoing, defendants, Shan-Lor Trucking and Pedro Ortiz, respectfully request that this Honorable Court grant third party defendant's Motion for Judgment on the Pleadings, and enter the accompanying Order.

Respectfully submitted,

**POST & SCHELL, P.C.**

_____
JOSEPH R. FOWLER, ESQUIRE
Attorney for Defendants