120-167/Memorandum
PLAKINS RIEFFEL & RAY, P.C.
BY: DAVID C. RAY, ESQUIRE
Attorney I. D. No. 32436                      Attorney for Defendant,
140 East State Street                          Paul Lenardson
P.O. Box 1287
Doylestown, PA 18901
(215) 345-0801

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE FISHER : | |
| Plaintiff : | |
| v. : | No. 02-cv-3460 |
| PEDRO ORTIZ, SHAN-LOR : TRUCKING EQUIPMENT : | |
| Defendants/Third Party Plaintiffs : | |
| v. : | |
| PAUL LEONARDSON : | |
| Third Party Defendant : | |

## PAUL LENARDSON'S MEMORANDUM PURSUANT TO ORDER OF COURT OCTOBER 22, 2002, IN RE: "FIRST FILED DOCTRINE"

Third party defendant, Paul Lenardson, by and through his counsel, David C. Ray, Esquire, hereby files the within Memorandum pursuant to Order of Court, and in so doing states as follows:

**I.    PROCEDURAL BACKGROUND:**

The catalyst for the Court's request for filing the instant Memorandum was the filing of a Motion to Dismiss (Venue) filed by counsel for Paul Lenardson.  In

that Motion, it was explained that there were actions filed in two separate Pennsylvania Counties, York and Philadelphia, stemming from the same motor vehicle collision between vehicles on a highway in York County, which matters were both removed to the United States District Courts, in the Middle District and the Eastern District.  The case pending in the Middle District is a consolidated action of the two Plaintiffs, Timothy Connors and Debbie Fisher.  The one pending in the Eastern District involves the same claims by Debbie Fisher, but does not include Timothy Connors. The Motion to Dismiss was founded on the grounds that there were no contacts with the Eastern District (although admittedly when the Third Party Complaint was filed against Lenardson, an Answer was filed, not a Motion to Dismiss), and that it would be prejudicial to Defendants to be subject to two separate trials for the same set of operative facts, as well as an economic hardship for the parties, and a waste of judicial economy.

　　　　The procedural background is made more convoluted in these matters when subjecting the matters to the "First Filed Doctrine" analysis because neither action was originally filed in the United States District Courts, but were filed in two county/state courts, then removed by virtue of diversity of citizenship.  Thus, for the purposes of this analysis, the filings in the <u>District Courts</u> will control.  Also, because attempts at service were made in the underlying actions by US Mail to Mr. Lenardson while in state court, this party is unaware of the dates of actual service.

Attached to this memorandum are Docket reports from the District Courts in the three related actions, MD 02-cv-737, MD 01-cv-1686, and ED 2:02-cv-03460, marked Exhibits "A", "B", and "C", and retrieved on October 23, 2002. In relevant part, they reflect that:

**In MD 02-cv-737 (Fisher v. Ortiz):**

Petition for Removal filed May 1, 2002.
Entry of appearance for Paul Lenardson: 5/28/02
Case terminated and consolidated with 01-cv-1686: 6/20/02

(Although the dockets reflect that Paul Lenardson was not a party at the time of the filing of the entry of appearance, this was as a result only of the mail not catching up with the pleadings, because on April 29, 2002 a Writ to Join Paul Lenardson as an additional defendant was filed in the York County Court of Common Pleas. See Exhibit "D". It should also be noted that the action filed by Fisher in York County commenced by the filing of a Writ of Summons on January 8, 2002. See Exhibit "E.")

**In MD 01-cv-1686 (Connors v. Ortiz):**

Petition for Removal: 8/31/01
Motion for Stay filed by Lenardson: 10/26/01
Order to Stay: 11/1/01
Consolidation with Fisher matter: 6/20/01
Complaint by Connors: 7/15/02
Crossclaim by Ortiz v. Lenardson: 9/13/02

(It should be noted that the Writ filed by Plaintiff against Paul Lenardson was filed in the York County action on October 5, 2001. See Exhibit "F."),

**In ED 2:02-cv-03460 (Fisher v. Ortiz):**

Notice of Removal: 5/30/02
Third Party Complaint by Ortiz v. Lenardson: 8/27/02

(It should be noted that the matter was commenced against Paul Lenardson in the Philadelphia Court of Common Pleas by Ortiz' filing a Writ on April 12, 2002. See Exhibit "G.")

**II.    FACTUAL BACKGROUND:**

On February 4, 2000, a motor vehicle collision occurred in York County, Pennsylvania, on an Interstate highway.  At the time of the collision, Plaintiffs Connors and Fisher were stopped or slopping on the roadway because the traffic came to a complete stop during a snow fall.  Operating a truck, Mr. Lenardson pulled to the left and came to a stop to avoid a collision, which he did.  Mr. Ortiz, operating a Shan Lor truck did not come to a stop and collided with the Fisher vehicle, causing ramps on the roof of the Fisher vehicle to come into contact with the Connors vehicle.  (A copy of the Pennsylvania State Police Report is attached as Exhibt "H.")  The several lawsuits allege entitlements to damages.

Plaintiffs Connors and Fisher are domiciled in the area of the Middle District.  Connors' and Fisher's employers, for whom they were acting at the time of the collisions are domiciled in the Middle District.  The investigating state trooper is in the Middle District.  The doctors from whom Plaintiffs received treatment are located in the Middle District.  Defendants Shan Lor and Ortiz are domiciled in Northern New York State.  Third Party Defendant Paul Lenardson is domiciled in the state of Maryland.  The only conceivable connection between the parties or these claimed causes of action is in the Eastern District the fact that the defendant Ortiz and third party defendant Lenardson are truck drivers who may, in the course of their employments, drive through the Eastern District of Pennsylvania  (which was not plead in any of the pleadings.)

### III. LEGAL ARGUMENT:

#### A. Standard to be applied:

It is without question that the United States District Courts apply the "First Filed Doctrine" as enunciated in Smith v. McIver, 22 U.S. 532 (1924). The purpose and deemed effect of the rule is to have a single determination of a controversy when there are cases in courts of concurrent jurisdiction. As stated by the Third Circuit Court of Appeals in Crosley Corp. v. Hazeltine Corp., 122 F.2d 925 (1941): "It is of obvious importance to all litigants to have a single determination of their controversy… The economic waste involved in duplicating litigation is obvious…public policy requires us to seek actively to avoid the waste of judicial time and energy."

The first filed rule has been applied in the District Courts in Pennsylvania: "Nearly fifty years ago, this court adopted what has become known as the "first filed" rule. We concluded that "in all cases of federal concurrent judisdiction, the court which first has possession of the subject must decide it." EEOC v. Trustees of the Univ. of PA Hosp., 850 F.2d 969 (3d Cir. 1988), citing Crosley Corp., supra., at122 F.2d 929, quoting Smith v. McIver, 22 U.S. 532 (1824). The rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first filed rule." (Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.2d 474, 475-6 (2d Cir. 1965).

In the EEOC v. Trustees of Univ. of PA Hosp. case, supra., the court ruled that the trial judge only looked at the dates the actions were filed to apply the rule. This omitted the dates of service of process, which are integral to application of the rule, but in *dicta* instructed that the "letter and spirit of the first filed rule, therefore, are grounded on equitable principles", citing Columbia Plaza Corp. v. Security Nat. Bank, 525 F. 2d 620 (D.C. Cir. 1975)  Furthermore, it recognized that "while exceptions to the rule are rare, courts have consistently recognized that the first filed rule is not a rigid or inflexible rule to be mechanically applied", citing Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). The equitable considerations are the timing and circumstances surrounding the filing of the first suit, citing Consolidated Rail Corp. v. Grand Trunk Western Railroad Co., 592 F. Supp. 562 (E.D. Pa. 1984)

In Peregrine Corporation v. Peregrine Industries, Inc., 769 F. Supp. 169 (E.D. Pa. 1991) the Court was called upon to determine whether an action filed in California prior to an action filed in Pennsylvania was the first filed action for the purpose of determining which court would decide the issues, when service of process was effected first in the Pennsylvania case. Although the court viewed the applicability of venue in California as well as Pennsylvania, and decided that it "appears that the district court in the Central District of California has personal jurisdiction over (a party) … if personal jurisdiction over TPC becomes an issue in the California action, then that issue should be decided by the district court in the Central District of California, not by this court." (FN2)  The Court examined the arguments pertaining to which matter proceeded further, and other principles,

and determined that "I am not persuaded to abandon the general rule that, when there are two lawsuits involving the same parties and the same issues pending in two different courts, the first filed action takes priority over the second filed action and should proceed with the litigation.  Although I do have discretion to depart from the first filed rule, I can only do so when I am presented with exceptional circumstances", citing EEOC v. Trustees of Univ. of PA Hosp., supra.  Thus, although service of process was effected first in the Pennsylvania case, the California action would prevail as it was the first filed action.

      **B.**      **Application of law to the facts:**

In applying the first filed rule, again, the overriding principle enunciated by the courts is to prevent economic waste, and for the litigants to have a single determination of their controversy (Peregrine, supra.)  One can readily discern that the two actions pending in the Middle District and in the Eastern District, if permitted to proceed to trial separately, would cause economic waste, for the parties as well as the Courts.  Certainly the witnesses and parties for both matters must be called in each matter, although plaintiff Timothy Connors, in the Middle District matter is not a party to the case pending in the Eastern District.  Thus, if the matter proceeds in the Eastern District it will still be tried in the Middle District as well, with the same parties and witnesses.  The results could indeed be antithetical, and result in possibly differing verdicts, upon which no parties could rely to finalize the claims.

In applying the first filed rule, the Connors case in the Middle District clearly appeared in District Court first, with the Petition for Removal filed on

August 31, 2001.  The Motion for Removal in the Fisher matter in the Middle District was filed May 1, 2002, and the Notice for Removal in the Fisher matter in the Eastern District was filed May 30, 2002.  Therefore, the two United States District Courts with concurrent jurisdiction gained jurisdiction over the matters at two differing times, and the case in the Middle District controls.  (Which matter has been consolidated with the Fisher Middle District Matter, thereby providing a forum with proper jurisdiction and venue for plaintiff Fisher, and one court proceeding in which all the issues are decided.)

If the Court were to attempt to distinguish when the matters themselves were perfected within the District Courts from the dates Mr. Lenardson became a party either by filing or serving process, the analyses are difficult.  As mentioned previously, writs to join Lenardson were sent by mail at times when the dockets were being removed from state courts to the District Courts.  For that reason, as reflected in the dockets, the joinders did not make the dockets when transferred to the dockets of the District courts leading to confusion.  (See Docket MD 02-cv-737, May 28, 2002 (Exhibit "A") where the entry of appearance for Lenardson was questioned because Mr. Lenardson was not reflected as a party, whereas Exhibit "E" indicates that Lenardson was made a party to the state court action on April 29, 2002.  Nonetheless, Mr. Lenardson, by his counsel, became a party to the Middle District (now consolidated) action, 01-cv-1686 by filing a Motion for STAY on October 26, 2001, before petitions for removal were filed in the other two actions, and before the Writ of Summons filed in the Philadelphia action

(Exhibit "G") or the Writ to Join Paul Lenardson was filed in the York County Fisher action (Exhibit "E").

### IV.    CONCLUSION:

For all the above reasons, the Court with the proper and controlling venue is in the Middle District of Pennsylvania, MD 01-cv-1686, where all parties are named, where all the witnesses are located, and where the case was filed in the District Court first.

Respectfully Submitted,
PLAKINS RIEFFEL & RAY, P.C.

Date: _____        BY:_____
                             David C. Ray, Esquire
                             Attorney for Defendant
                             Attorney I.D. #32436
                             140 East State Street
                             P.O. Box 1287
                             Doylestown, PA  18901
                             (215) 345-0801